**Morgan Lewis**

**Jeremy P. Blumenfeld**
Partner
+1.215.963.5258
jeremy.blumenfeld@morganlewis.com

December 21, 2021

**VIA ECF**

Judge Joan M. Azrack
U.S. District Court for the E.D. of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   <u>Duke v. Luxottica U.S. Holdings Corp. et al</u>., No. 2:21-cv-06072-JMA-AYS (E.D.N.Y)

Dear Judge Azrack:

On behalf of Luxottica U.S. Holdings Corp. ("Luxottica"), Oakley, Inc., Luxottica Group Pension Plan ("Plan") and Luxottica Group ERISA Plans Compliance and Investment Committee (collectively "Defendants"), pursuant to Your Honor's Rule IV.B, we request a pre-motion conference on Defendants' anticipated motion to compel individual arbitration, or in the alternative, motion to dismiss for lack of Article III constitutional standing under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

Plaintiff, a former Luxottica employee, alleges that Defendants violated Sections 203, 204, and 205 of the Employee Retirement Income Security Act ("ERISA") because Plaintiff's benefits were calculated using "unreasonable" actuarial assumptions. Plaintiff also alleges that the Committee breached its fiduciary duties under ERISA.

**I.  Bases for Motion to Compel Individual Arbitration**

This Court should compel individual arbitration because Plaintiff is subject to a binding arbitration agreement covering her ERISA claims. The Federal Arbitration Act ("FAA") dictates that "[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Supreme Court has "described this provision as reflecting ... a liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted).[1] Courts within the Second Circuit consider two factors when deciding if a dispute is arbitrable: "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at

---

[1]   *See also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 228 (2d Cir. 2016) (explaining that the FAA "embod[ies] [a] national policy favoring arbitration").

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921       ☎ +1.215.963.5000
United States                                   📠 +1.215.963.5001

Judge Joan M. Azrack
December 21, 2021
Page 2

issue." *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015). Here, both factors are met.

First in 2015, Plaintiff entered into a Dispute Resolution Agreement ("Agreement") with a broad arbitration provision. This formed a binding agreement to arbitrate. Second, the Agreement covers each of Plaintiff's ERISA claims. As stated explicitly, the Agreement applies "*to disputes* with any individual (including Luxottica's employees, agents, supervisors, officers or directors) or entity (including any company affiliated with Luxottica, its parent(s) or subsidiaries, if any) … *[under the] Employee Retirement Income Security Act* (except for claims for employee benefits under any benefit plan sponsored by the Company …" The carve out for "claims for employee benefits under any benefit plan" does not apply to any of Plaintiff's claims here because Plaintiff is not bringing a claim for benefits *under the Plan* pursuant to ERISA Section 502(a)(1)(B)—the statutory provision under which a participant must pursue such claims. *See, e.g., Stanley v. George Washington Univ.*, 394 F. Supp. 3d 97, 108 (D.D.C. 2019) (release exclusion for claims "under employee benefit plans" only carves out "contractual or plan-based" claims under ERISA Section 502(a)(1)(B) but does not carve out statutory or fiduciary breach claims under ERISA Sections 502(a)(2) or (a)(3)), *aff'd*, 801 Fed. Appx. 792 (D.C. Cir. March 24, 2020).

Plaintiff also must arbitrate her ERISA claims on an individual, not class, basis because the Agreement provides: "[b]oth the Company and you agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective or private attorney general representative basis ..." For these reasons, this Court should compel individual arbitration.

## II.  Bases for Motion To Dismiss Under 12(b)(1) and 12(b)(6)

If this Court were not to compel arbitration (which it should), the Complaint should be dismissed under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

In her Complaint, Plaintiff alleges that she elected a 100% joint & survivor annuity ("JSA") benefit, but she does not allege *the age* at which she commenced her benefit. This is important because Plaintiff alleges violations of statutes that only apply to certain benefits payable at certain ages and/or in certain forms. ERISA Section 203(a), for example, only speaks to the "normal retirement benefit" payable at "normal retirement age." 29 U.S.C. § 1053(a). That is the age-65 benefit. ERISA Section 204(c) likewise applies to the age 65 "accrued benefit," or in the case of a cash balance plan like the Plan here, the participant's account balance. *See* 29 U.S.C. § 1054(c)(3); 26 C.F.R. § 1.411(a)(13)-1(b)(3)(ii) (plan satisfies 29 U.S.C. § 1054(c)(3) if it pays an optional form of benefit "that is greater than the actuarial equivalent, determined using reasonable actuarial assumptions, *of the then-current balance of a hypothetical account maintained for the participant*").

First, an action must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction if a plaintiff has not suffered a redressable injury that gives them Article III constitutional standing to bring a claim. *See, e.g., Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1615, 1619-22 (2020) (affirming dismissal for lack of Article III constitutional standing of ERISA breach of fiduciary duty claims).

Judge Joan M. Azrack
December 21, 2021
Page 3

Here, Plaintiff has no Article III constitutional standing to bring her claims because she has suffered no injury from Defendants' alleged failure to calculate her pension benefit using what she deems to be "reasonable" actuarial assumptions set forth in 26 U.S.C. § 417(e). Compl. ¶¶ 27, 86.

Plaintiff commenced her benefit when she was approximately age 59.75 and is receiving $869.51 per month as a 100% JSA.[2] She alleges that the Plan should have used actuarial assumptions set out in 26 U.S.C. § 417(e) to calculate her benefit. *Id.* ¶¶ 27, 86. Applying the 417(e) assumptions to either Plaintiff's age 65 annuity or her cash balance account, however, would result in Plaintiff receiving approximately $40-$100 *less per month* than she currently is receiving. In other words, Plaintiff has suffered no redressable injury from using the Plan's assumptions and her claims should be dismissed.

Plaintiff's claims are also subject to dismissal because she has not stated any claims for which relief can be granted under Rule 12(b)(6). First, ERISA Section 203(a) requires only that a "*normal retirement benefit* is nonforfeitable *upon attainment of normal retirement age*." 29 U.S.C. § 1053 (emphasis added). Plaintiff does not allege that she commenced her benefit at normal retirement age. *See, e.g.*, *Belknap v. Partners Healthcare Sys., Inc.*, No. 19-11437, Dkt. 33, slip op. at 7-9 (D. Mass. Jan. 24, 2020) (dismissing 203(a) claim because plaintiff retired before age 65 and anti-forfeiture protection only attaches at normal retirement age); *DuBuske v. Pepsico, Inc.*, No. 18-11618, 2019 WL 4688706, at *3-4 (S.D.N.Y. Sept. 25, 2019) (same), *reconsideration denied in pertinent part by*, 2019 WL 5864995, at *3 (S.D.N.Y. Nov. 8, 2019); *DeVito v. Local 553 Pension Fund*, No. 02-4686, 2005 WL 167590, at *1 n.2, *5-6 (S.D.N.Y. Jan. 26, 2005).

Second, ERISA Section 205 only addresses the Qualified Joint and Survivor Annuity ("QJSA") and Qualified Optional Survivor Annuity ("QOSA"). Compl. ¶ 98; 29 U.S.C. § 1055. The Plan defines the QJSA as the 50% Joint & Survivor Annuity. As a matter of law, that means the 75% Joint & Survivor Annuity is the QOSA. 29 U.S.C. § 205(d)(2)(B)(i)(I). Plaintiff alleges that she elected the 100% JSA. Compl. ¶ 27. That benefit is not the QJSA or the QOSA. Thus, Plaintiff cannot state a claim under ERISA Section 205.[3]

Respectfully submitted,

/s/Jeremy P. Blumenfeld

Jeremy P. Blumenfeld

JPB

---

[2] Where, as here, a defendant brings a factual challenge to a plaintiff's standing, "it is appropriate for the Court to consider the evidence presented by the parties on the issue of standing…" *Access 4 All, Inc. v. G & T Consulting Co., LLC*, 2008 WL 851918, at *6 (S.D.N.Y. Mar. 28, 2008). Defendants intend to attach Plaintiff's benefit election form and an expert actuary declaration to their Motion.

[3] Plaintiff's derivative fiduciary breach claims fail for the same reasons.