

RACHANA (RADHA) PATHAK
PARTNER
(213) 995-6807
(213) 261-0299 (fax)
rpathak@stris.com

January 4, 2022

The Honorable Joan M. Azrack
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

Re: *Janet Duke v. Luxottica U.S. Holdings Corp., et al.*, No. 21-06072-JMA-AYS

Dear Judge Azrack:

We represent Plaintiff Janet Duke. We write in response to Defendants' December 21, 2021 letter regarding Defendants' anticipated motions to compel arbitration and to dismiss under Rules 12(b)(1) and (b)(6). Dkt. 23. Both motions lack merit and would do nothing to sharpen the issues or narrow the case. All involved would be best served if Defendants filed an answer and this case proceeded to the merits. Defendants may move for summary judgment in due course, but the litigation should not be delayed by the proposed pleadings challenges.

***Arbitration.*** The Court should discourage Defendants from filing a motion to compel arbitration. Under on-point Second Circuit authority, Ms. Duke's claims fall outside the Arbitration Agreement; the Agreement is unenforceable because it forbids Ms. Duke from asserting her statutory rights; and Defendants are bound by the Luxottica Summary Plan Description's (SPD) explicit promise that Ms. Duke could, in fact, sue in federal court for violations of ERISA.

"[T]he law is undisputed that 'a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*.'" *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 179 (2d Cir. 2021) (citation omitted) (emphasis in original). Accordingly, beyond showing that the parties agreed to arbitrate, the movant must also establish that "'the scope of that agreement encompasses the claims at issue.'" *Id.* (citation omitted).

This is where Defendants first falter. The Arbitration Agreement here is limited to "claims arising out of or relating to Employee's employment or the termination of employment." And under binding Second Circuit authority, that is not true of Ms. Duke's claims.

*Cooper* is on point. There, the Second Circuit concluded that ERISA claims asserting mismanagement of the plaintiff's 401k account fell outside of a nearly identical arbitration clause. *See id.* at 178 ("all legal claims arising out of or relating to employment, application for employment, or termination of employment"). That was true even though the 401k was a benefit of the plaintiff's employment and part of his compensation. *Id.* at 183.

The dispositive factor was that "none of the facts relevant to the merits of Cooper's claims against Ruane relates to his employment." *Id.* at 184. Same here. The gravamen of Ms. Duke's claim is that Defendants use outdated mortality assumptions from the 1980s to convert participants' pension accounts into joint and survivor annuities (an annuity first for the participant and then, after her death, her spouse). In so doing, Defendants violated their fiduciary duties and other provisions of ERISA that require "actuarial equivalence" with the single-life annuity an unmarried person would receive. As in *Cooper*, "the substance of these claims has no connection to . . . any fact particular to her individual experience at" the company. *Id.* (cleaned up). Defendants thus cannot establish that the Arbitration Agreement covers Ms. Duke's claims.

Even if Ms. Duke's claims fell within the Arbitration Agreement, the Agreement would be unenforceable. Where, as here, a plaintiff asserts claims under 29 U.S.C. § 1132(a)(2), she necessarily sues on behalf of the entire plan. *Id.* at 184. (Ms. Duke also seeks relief that would inure to the benefit of the whole plan, such as injunctive relief, under 29 U.S.C. § 1132(a)(3).) The Second Circuit has accordingly required plaintiffs to "'employ procedures to protect effectively the interests they purport to represent,'" such as "class certification or joining other plan participants as parties." *Id.* (quoting *Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006)).

Yet here, as in *Cooper*, the Arbitration Agreement requires all claims to be asserted on an individual basis. Thus, Defendants' "reading of the Arbitration Agreement appears to make it impossible to bring an ERISA fiduciary action that satisfies both the Agreement and the *Coan* representative adequacy requirement," which would "render[] at least this part of the Agreement unenforceable." *Id.* (citing *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 236 (2013) ("an arbitration agreement forbidding the assertion of certain statutory rights" is unenforceable)).

If these weren't reason enough to deny a motion to compel arbitration, the 2017 SPD, which post-dates the Arbitration Agreement, explicitly tells participants that they may sue in federal court for violations of ERISA. "Employers are bound by promises made in SPDs, which Congress intended to be a primary source of information regarding plan benefits." *Joyce v. Curtiss-Wright Corp.*, 171 F.3d 130, 135-36 (2d Cir. 1999). Defendants cannot renege on their promise to Ms. Duke that she could proceed in federal court.

**Rule 12(b)(1) standing challenge.** Defendants' anticipated standing challenge is similarly misguided. They ask the Court to resolve the merits of the underlying dispute in the guise of a Rule 12(b)(1) motion. This, the Second Circuit has unequivocally held, is impermissible. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 (2d Cir. 2020) ("We have cautioned against arguments that 'would essentially collapse the standing inquiry into the merits.'").

Ms. Duke alleges that Defendants violated ERISA by using outdated mortality assumptions to determine the amount of her joint and survivor annuity. Had Defendants used current assumptions, she alleges, she would receive more money every month. Compl. ¶ 27. Defendants say that "Plaintiff has suffered no redressable injury" because (supposedly) she was *not* underpaid and the plan's assumptions treat her *better* than what she now seeks. Dkt. 23 at 3.

That's a classic merits dispute, not a standing challenge. If Defendants are right, they will ultimately prevail. But they cannot try to collapse the entire substance of this litigation into a threshold fight over standing. *See SM Kids*, 963 F.3d at 212; *Baur v. Veneman*, 352 F.3d 625, 642 (2d Cir. 2003) (rejecting standing challenge that effectively sought merits resolution) (citing *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1280 (11th Cir. 2001) ("Defendants' argument that Green suffered no 'injury-in-fact' is unconvincing because, at bottom, it conceives of the standing inquiry as duplicating an inquiry into the merits.")).

The Court should accordingly discourage a Rule 12(b)(1) motion and should consider denying such a motion on the basis of the premotion letters alone.[1]

***Rule 12(b)(6) challenge.*** The Court should also discourage Defendants from filing a Rule 12(b)(6) motion. To start, Defendants say Ms. Duke "has not stated *any* claims for which relief can be granted under Rule 12(b)(6)." Dkt. 23 at 3 (emphasis added). Yet they raise Rule 12(b)(6) arguments only as to 29 U.S.C. §§ 1053 and 1055 (ERISA §§ 203 and 205). They articulate no pleading challenge to Ms. Duke's claims under 29 U.S.C. § 1054 (ERISA § 204).

Defendants argue that § 1053, which bars plans from causing people to forfeit their retirement benefits, confers protection beginning only at age 65. Section 1053, however, is not so limited, and it was thus unnecessary to allege Ms. Duke's age in the complaint. Where a participant takes early retirement that is impermissibly reduced, and her impermissibly-reduced benefit will not change once she reaches age 65, the plan still fails to "provide that [the] employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age." 29 U.S.C. § 1053. Indeed, the "normal retirement benefit" that § 1053 protects expressly includes "the early retirement benefit under the plan." 29 U.S.C. § 1002(22). That would make no sense if protection kicked in only after age 65.

As to § 1055, Defendants curiously suggest that Congress meant to protect only *some* joint and survivor annuity options that a plan might provide. In their view, if a plan offers options beyond a single "qualified joint and survivor annuity" and a single "qualified optional survivor annuity," the statute's actuarial equivalence requirement simply does not apply. But the very statutory provision they cite says otherwise, explicitly stating that it "also includes *any* annuity in a form having the effect of [a joint and survivor annuity]." 29 U.S.C. § 1055(d)(1) (emphasis added). The 100% joint and survivor annuity that Ms. Duke selected falls within that definition.

Defendants' anticipated Rule 12(b)(6) motion lacks merit and should not be filed.

Sincerely,
/s/Rachana Pathak
Rachana (Radha) Pathak

---

[1] Should the Court allow a Rule 12(b)(1) motion with supporting evidence to be filed, Ms. Duke would require discovery to combat Defendants' substantive arguments that she would be better off under the plan's existing assumptions. Otherwise, the Court should reject Defendants' attempt to inject evidence at the pleading stage.

3