# Morgan Lewis

**Jeremy P. Blumenfeld**
Partner
+1.215.963.5258
jeremy.blumenfeld@morganlewis.com

January 28, 2022

The Honorable Anne Y. Shields
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

Re:  *Janet Duke, et al. v. Luxottica U.S. Holdings Corp., et al.*
     Civil Action No. 2:21-cv-06072 (E.D.N.Y.)

Dear Magistrate Judge Shields:

On behalf of Luxottica U.S. Holdings Corp., Oakley, Inc., Luxottica Group Pension Plan, and Luxottica Group ERISA Plans Compliance and Investment Committee (collectively "Defendants"), and pursuant to Your Honor's Individual Practice Rule X.C, we write to request a pre-motion conference on Defendants' anticipated motion to adjourn the scheduled initial conference and stay discovery pending resolution of Defendants' anticipated motion to compel individual arbitration of Plaintiff's claims.

Defendants are cognizant that it may sometimes be appropriate to procced with discovery while a motion to dismiss is pending.  Here, however, Defendants have filed a pre-motion letter seeking to compel individual arbitration of Plaintiff's claims.  (Dkt. 23).  Defendants submit that whether Plaintiff is entitled to any discovery, and the scope and timing of that discovery, should be determined *by the arbitrator* pursuant to the parties' agreement to arbitrate.  Accordingly, Defendants respectfully request that the Initial Conference currently scheduled for February 24, 2022 be adjourned and that discovery be stayed pending a ruling on Defendants' anticipated motion to compel arbitration.

In her Complaint, Plaintiff, a former Luxottica employee, alleges various statutory and fiduciary breach claims under ERISA.  During her employment, Plaintiff agreed to arbitrate any and all claims "arising out of or related to . . . the Employee Retirement Income Security Act."[1] That arbitration provision also requires that any such dispute be brought "in arbitration on an individual basis only, and not on a class, collective or private attorney general representative basis on behalf of others."

---

[1]  In opposing Defendants' pre-motion letter seeking to compel arbitration, Plaintiff did not dispute her agreement to arbitrate.  Instead, Plaintiff argued that the arbitration provision is limited to claims "arising out of or related to the employment relationship or the termination of that relationship" and that this dispute falls outside that realm.  (Dkt 28).  Plaintiff is misreading the arbitration provision.  Although claims related to Plaintiff's employment also must be arbitrated (and these claims fall within that provision), the requirement to arbitrate claims under ERISA is not limited to those ERISA claims related to Plaintiff's employment.

The Honorable Anne Y. Shields
January 28, 2022
Page 2

Defendants filed a pre-motion letter with Judge Azrack seeking, among other things, to compel individual arbitration of Plaintiff's claims. (Dkt. 23). That request is pending before the Court.

Under these circumstances, proceeding with class and merits discovery before a ruling on the motion to compel individual arbitration would undermine the very purposes of arbitration and force the parties to spend needless time and resources litigating claims that should be decided by the arbitrator. *See Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (noting that staying discovery while motion to compel arbitration is pending "serves to help prevent duplicative and inefficient litigation" and ensure that a party does not "waive its right to arbitration"). Precisely for that reason, courts regularly hold that a pending motion to compel arbitration constitutes good cause to stay discovery. *Alvarez v. Experian Info. Sols., Inc.*, No. 219CV03343JSJMW, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) ("Courts differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss . . . in cases where a stay is sought pending a motion to compel arbitration, the courts in this Circuit have stayed without even considering" the factors that otherwise apply to a stay of discovery pending a motion to dismiss.). As Magistrate Judge Wicks recently explained in *Alvarez*, "[a] stay pending a motion to compel arbitration should be granted *absent compelling reasons to deny it.*" *Id. See also Josie-Delerme v. Amer. General Finance Corp.*, No. 2008-3166(NG)(MDG), 2009 WL 497609, at * 1 (E.D.N.Y. Feb. 26, 2009) (staying discovery while motion to compel arbitration and dismiss was pending).

Here, a stay is warranted because Defendants' motion to compel arbitration is well-founded as described above and proceeding with full-blown discovery now would "be a potential waste of resources for all parties and the judicial system." *Alvarez*, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) ("A stay is warranted where a defendant's motion appears not to be unfounded in the law"). There are no "compelling reasons" to proceed with discovery until the Court decides whether this dispute is subject to arbitration. Moreover, the case for staying discovery is particularly strong because, if the case proceeds in arbitration, it is the arbitrator's prerogative to decide the scope and timing of permissible discovery. For these reasons, Defendants respectfully request that the Court adjourn the Initial Conference and stay all discovery pending resolution of Defendants' anticipated motion to compel arbitration.

Sincerely,

*/s/ Jeremy P. Blumenfeld*

Jeremy P. Blumenfeld

JPB/pd