

JOHN STOKES
(213) 995-6813
(213) 261-0299 (fax)
jstokes@stris.com

February 28, 2022

**VIA ECF**

The Honorable Judge Joan M. Azrack
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

  Re:     *Duke v. Luxottica U.S. Holdings et al.*, No. 2:21-cv-06072-JMA-AYS
              Plaintiff's pre-motion letter seeking relief in connection with Defendants'
              supplemental brief in support of Defendants' motion to compel arbitration

Dear Judge Azrack,

On behalf of Plaintiff Janet Duke, we write in connection with Defendants' supplemental brief in support of Defendants' motion to compel arbitration, ECF No. 41. Contrary to this Court's order (and Defendants' own prior letter), Defendants' supplemental brief addressed not only their motion to compel arbitration, but also their anticipated motion to dismiss under Rules 12(b)(1) and (b)(6). Plaintiff accordingly files this pre-motion letter pursuant to this Court's Individual Rule IV.B, seeking a pre-motion conference on Plaintiff's request for the relief set forth below.

## I. BACKGROUND

On December 21, 2021, Defendants filed a pre-motion letter in anticipation of filing two separate motions: (1) a "Motion to Compel Individual Arbitration," and (2) a "Motion To Dismiss Under 12(b)(1) and 12(b)(6)." Defs.' Dec. 21, 2021 Pre-Motion Ltr., ECF No. 23 at 1, 2. Defendants' letter asked this Court to *first* rule on their motion to compel arbitration, then stated that "[i]f this Court were not to compel arbitration (which it should), the Complaint should be dismissed under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." *Id.* at 2.

After Plaintiff filed a responsive pre-motion letter, this Court entered the following order construing Defendants' December 21 pre-motion letter as a motion to compel arbitration, and not mentioning Defendants' secondary anticipated motion:

> ORDER: The Court construes Defendants' pre-motion letter [23] as a motion to compel arbitration. If the parties wish to file any additional briefing in support of their positions, they are directed to do so by 2/25/22. Defendants are directed to file a copy of the arbitration agreement at issue. Ordered by Judge Joan M. Azrack on 2/4/2022. (Walsh, Catherine)

Feb. 4, 2022 Text-Only Order (brackets in original).

In light of Defendants' pre-motion letter and this Court's order, Plaintiff filed a supplemental brief (ECF No. 40) on February 25, 2022, regarding Defendants' motion to compel arbitration—not the Rule 12(b)(1) and 12(b)(6) motion that Defendants themselves stated should be decided only *after* the motion to compel had been addressed.

Defendants, on the other hand, filed a brief that also addressed their anticipated motion to dismiss under Rule 12(b)(1) and 12(b)(6). *See* Defs.' Supplemental Brief, ECF No. 41 at 21-32.[1] Defendants claim to have done so because "it was unclear whether Defendants should also file supplemental briefing with respect to their motions under Rules 12(b)(1) or 12(b)(6)." *Id.* at 1 n.1. But there was nothing "unclear" about Defendants' own pre-motion letter (asking this Court to decide the motion compel *before* the other motions) or this Court's February 4, 2022 Order. Defendants appear to be seeking an unfair advantage by claiming ambiguity where none exists.

## II. REQUESTED RELIEF

Plaintiff accordingly seeks relief from the Court in the following respects:

**A.** Because this Court's February 4 Order permitted briefing only on the motion to compel arbitration, Plaintiff asks that the Court disregard the portion of Defendants' brief not addressed to the motion to compel. *See* ECF No. 41 at 21-32. Indeed, this Court did not "set a briefing schedule" for Defendants' motion to dismiss under Rule 12(b)(1) and 12(b)(6), nor did "the parties . . . submit a proposed briefing schedule" for that motion. Judge Azrack Individual Rule IV.G.1. Defendants' briefing of that motion is accordingly premature and contrary to this Court's Individual Rules.

**B.** Should the Court consider Defendants' Article III standing challenge in connection with resolving their motion to compel arbitration, the answer is clear enough that the Court can—and should—reject Defendants' challenge out of hand, without need of further briefing.

**1.** As Plaintiff explained in her response to Defendants' pre-motion letter (ECF No. 28), Defendants' standing challenge largely asks the Court to resolve the merits of the underlying dispute in the guise of an Article III standing challenge. As the Second Circuit has held, however, that is impermissible. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 (2d Cir. 2020) ("We have cautioned against arguments that 'would essentially collapse the standing inquiry into the merits.'").

Ms. Duke alleges that Defendants violated ERISA by using outdated mortality assumptions to determine the amount of her joint and survivor annuity. Had Defendants used current assumptions, she alleges, she would receive more money every month. Compl. ¶ 27. Defendants, by contrast, contend that actually she was *not* underpaid under the standards set forth in ERISA and that the plan's existing assumptions treat her *better* than what she now seeks. *See* ECF No. 41 at 25-28.

---

[1] The referenced page numbers are the ECF-stamped numbers at the top of the page.

STRIS & MAHER LLP        777 S. Figueroa St., Ste 3850, Los Angeles, California 90017        www.stris.com

That is a classic merits dispute, not a standing challenge. If Defendants are right, they will ultimately prevail. But they cannot try to collapse the entire substance of this litigation into a threshold fight over standing. *See SM Kids*, 963 F.3d at 212; *Baur v. Veneman*, 352 F.3d 625, 642 (2d Cir. 2003) (rejecting standing challenge that effectively sought merits resolution) (citing *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1280 (11th Cir. 2001) ("Defendants' argument that Green suffered no 'injury-in-fact' is unconvincing because, at bottom, it conceives of the standing inquiry as duplicating an inquiry into the merits.")).

**2.** The only additional Article III standing argument that Defendants' supplemental brief raises, based on the Supreme Court's decision in *Thole v. U.S. Bank*, 140 S. Ct. 1615 (2020), is inscrutable and, in any event, wrong.

Defendants appear to argue that *Thole* puts plaintiffs suing under 29 U.S.C. § 1132(a)(2) in a Catch-22. Either plaintiffs will obtain more money from the plan as a result of their lawsuit, meaning (in Defendants' view) that they are not *restoring* money to the plan and thus cannot sue under § 1132(a)(2) in the first place. ECF No. 41 at 23. Or plaintiffs will *not* receive additional money from the plan, meaning they lack Article III standing altogether. *Id.* at 23-24.

Defendants fundamentally misunderstand *Thole* (a case, incidentally, that Plaintiff's counsel litigated before the Supreme Court). The standing problem there was that the plaintiffs would *not* receive any additional money for themselves, even if they ended up restoring money to the plan. *Thole*, 140 S. Ct. at 1619 ("Thole and Smith have received all of their monthly benefit payments so far, and the outcome of this suit would not affect their future benefit payments."). That is not the case here: if Ms. Duke prevails on her claim, money will be restored to the plan, and she will also personally receive a larger monthly benefit. That is the exact circumstance where, under *Thole*, a plaintiff *does* have Article III standing. *See id.* ("If Thole and Smith had not received their vested pension benefits, they would of course have Article III standing . . . .").

Defendants' standing arguments, accordingly, can be rejected without need of further briefing.

**C.** If the Court does *not* reject Defendants' Article III challenge based on the existing papers, or if the Court would like to address Defendants' Rule 12(b)(6) merits arguments at this stage, Plaintiff respectfully requests the opportunity to file a supplemental brief regarding those issues.

Plaintiff believes this Court's February 4, 2022 Order clearly limited the briefing to the motion to compel arbitration, and no briefing schedule has been set under this Court's Individual Rule IV.G.1. Defendants' supplemental brief, moreover, raises new factual and legal arguments that Plaintiff has never had the opportunity to address. Accordingly, to the extent the Court wishes to consider the additional issues raised by Defendants (and does not reject the Article III challenge on the existing papers), considerations of fairness warrant giving Plaintiff the opportunity to respond.

Respectfully submitted,

/s/ *John Stokes*

John Stokes
*Attorney for Plaintiff*

3