# Morgan Lewis

**Jeremy P. Blumenfeld**
Partner
+1.215.963.5258
jeremy.blumenfeld@morganlewis.com

March 7, 2022

**VIA ECF**

Judge Joan M. Azrack
U.S. District Court for the E.D. of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Duke v. Luxottica U.S. Holdings Corp. et al</u>., No. 2:21-cv-06072-JMA-AYS (E.D.N.Y)

Dear Judge Azrack:

On behalf of Luxottica U.S. Holdings Corp. ("Luxottica"), Oakley, Inc., Luxottica Group Pension Plan ("Plan") and Luxottica Group ERISA Plans Compliance and Investment Committee (collectively "Defendants"), pursuant to Your Honor's Rule IV.B, we write in response to Plaintiff's February 28, 2022 letter (Dkt. 42) ("Plaintiff's Letter") requesting a pre-motion conference in connection with Defendants' Memorandum of Law in Support of its Motion to Compel Arbitration, or in the Alternative, Dismiss Plaintiff's Complaint (Dkt. 41) (the "Memorandum"). Specifically, Plaintiff's Letter asserts that the Memorandum's inclusion of arguments under Rules 12(b)(1) and 12(b)(6) is inappropriate and requests that this Court disregard or reject those arguments or, alternatively, allow Plaintiff "the opportunity to file a supplemental brief regarding" them. Plaintiff's Letter at 1-3. For the reasons explained below, Defendants respectfully request that the Court deny the primary relief Plaintiff requested, i.e., to disregard Defendants' arguments "out of hand." *Id.* at 2.

**I.     Defendants Do Not Object To Plaintiff's Request To File Supplemental Briefs.**

With respect to Plaintiff's alternative request that she be permitted to file a supplemental brief, Defendants have no objection to that request. In an effort to avoid Court intervention, Defendants proposed to Plaintiff that the Parties, subject to Court approval, stipulate to allow Plaintiff to file a 15-page response[1] to Defendants' Rule 12 arguments, with Defendants afforded 10 pages for any reply. This would of course negate any possible prejudice to Plaintiff, allowing her to fully address the Rule 12 arguments, including whether this Court has subject matter jurisdiction over Plaintiff's claims. Plaintiff recognizes as much, as she herself asked this Court to set a supplemental briefing schedule in her Letter. Notwithstanding, Plaintiff declined Defendants' offer.

---

[1] Defendants' arguments under Rules 12(b)(1) and 12(b)(6) span only 12 pages of the Memo.

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921          T +1.215.963.5000
United States                                      F +1.215.963.5001

Judge Joan M. Azrack
March 7, 2022
Page 2

## II. Plaintiff's Request That The Court Refuse To Consider Whether It Has Subject Matter Jurisdiction Or The Complaint States A Claim Should Be Denied.

Plaintiff's insistence that the Court should simply "disallow" Defendants' Rule 12 arguments is contrary to the law.

First, should this Court decline to compel any of Plaintiff's claims to arbitration, it must independently evaluate whether it has subject matter jurisdiction over Plaintiff's claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also e.g., Lewis v. Allied Bronze LLC*, No. 07-1621, 2007 WL 1299251, at *2 (E.D.N.Y. May 2, 2007) ("This Court has an obligation to consider its subject matter jurisdiction *sua sponte*.").; *Cartey v. Teachers' Ret. Bd.*, No. 08 CIV. 1608 PAC DFE, 2009 WL 8747195, at *3 (S.D.N.Y. Mar. 17, 2009).

This includes whether Plaintiff has Article III standing to press each of her claims and each form of relief requested. *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) ("[P]laintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.") (citation omitted). And as set forth in the Memorandum, Defendants assert a factual challenge to Plaintiff's Article III standing and, as such, may "proffer[ ] evidence beyond the [p]leading." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). Having proffered such evidence in the Memorandum, Plaintiff now bears the burden of establishing subject matter jurisdiction by "com[ing] forward *with evidence* of [her] own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)) (emphasis added); *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)). *See also* Memorandum (Dkt. 41) at 18-21. Plaintiff cannot simply avoid *her burden of proof* to establish jurisdiction by characterizing Defendants' challenge as a "classic merits dispute." Plaintiff's Letter at 3. In fact, the Supreme Court in *Thole v. U.S. Bank, N.A.*, held that plaintiffs in a defined benefit plan lack Article III standing to press the same claim for plan losses under 29 U.S.C. §§ 1132(a)(2) and 1109 that Plaintiffs asserts here. *See Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1615, 1619-22 (2020). This Court should do the same.

Defendants' Rule 12(b)(6) arguments, in turn, are based on the specific language in the statutory provisions upon which Plaintiff bases her claims. These arguments are grounded in the important mechanism for "weed[ing] out" factual allegations that do not state a claim for relief before imposing expensive discovery costs in a putative class action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Or as the Supreme Court explained in another putative ERISA class action, a "careful, context-sensitive scrutiny of a complaint's allegations" under Rule 12(b)(6) is necessary to "divide the plausible sheep from the meritless goats." *Fifth Third Bancorp. v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). As explained in Defendants' pre-motion letter and Memorandum, other courts have rejected the identical claims asserted by Plaintiff based on the same statutory provisions. *See* Defendants' December 21, 2021 Pre-Motion Letter (Dkt. 23) at 3; Memorandum at 21-25.

By including their Rule 12 arguments in the Memorandum, Defendants are not "seeking an unfair advantage by claiming ambiguity where none exists," as Plaintiff suggests. Letter at 2. First, Defendants' pre-motion letter contemplated filing a single motion to compel arbitration or, in the alternative, dismiss Plaintiff's Complaint under Rule 12(b)(1) and 12(b)(6). *See* Defendants'

Judge Joan M. Azrack
March 7, 2022
Page 3

December 21, 2021 Pre-Motion Letter (Dkt. 23) at 1 (requesting "pre-motion conference on Defendants' anticipated motion to compel individual arbitration, or in the alternative, motion to dismiss . . ."). For that reason, Defendants' pre-motion letter seeking this Court's permission to file such a motion included its arguments in support of both compelling arbitration and dismissing Plaintiff's claims under Rule 12(b)(1) and 12(b)(6). *Id.* Indeed, as noted, the Court has an independent obligation to evaluate its subject matter jurisdiction, and Plaintiff could have claimed that Defendants waived their Rule 12(b)(6) arguments if they had not made them now.[2] In addition, nothing in the Court's February 4, 2022 order construing Defendants' pre-motion letter (Dkt. 23) as a motion to compel arbitration prohibited Defendants from including their Rule 12 arguments in their Memorandum, just like they were included as part of their Pre-Motion Letter. Thus, as Defendants' Memorandum notes, Defendants were not certain as to whether they should include their Rule 12 arguments in their Memorandum, and did so in an abundance of caution – not to gain some "unfair advantage." Plaintiff's Letter at 2. And that is precisely why Defendants offered to stipulate to a briefing schedule that would allow Plaintiff the opportunity to respond.[3]

For all of the foregoing reasons, and to avoid additional and unnecessary motion practice at a later stage in this case should the Court decline to compel arbitration as to any of Plaintiff's claims, Defendants respectfully request that the Court deny Plaintiff's pre-motion letter, but allow (1) Plaintiff to file a 15-page response to Defendants' Rule 12 arguments and (2) Defendants to file a 10-page reply thereto.

Respectfully submitted,

/s/ *Jeremy P. Blumenfeld*

Jeremy P. Blumenfeld

JPB

---

[2]   *See Biro v. Conde Nast*, 963 F. Supp. 2d 255, 266 n.2 (S.D.N.Y. 2013) (acknowledging that Rule 12 prohibits successive Rule 12(b) motions).

[3]   Unfortunately, Plaintiff is trying to delay or avoid consideration of whether her claims – as alleged – state a claim or whether she even has Article III standing to press them at the same time she is trying to force Defendants to engage in expensive and burdensome class discovery. *See Pension Ben. Guar. Corp. ex. rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 719 (2d Cir. 2013) ("[T]he prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times. This burden, though sometimes appropriate, elevates the possibility that a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence.") (quotations omitted; brackets and emphasis in original).